**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEVONTE BERNARD HARRIS,

Plaintiff - Appellant,

v.

JAMES C. THOM; et al.,

Defendants - Appellees.

No. 11-15885

D.C. No. 5:09-cv-00100-JF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

California state prisoner Devonte Bernard Harris appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging retaliation and

excessive force claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001) (summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Harris's retaliation claim without leave to amend because Harris failed to allege facts showing that defendants chilled his First Amendment rights and any amendment would have been futile. *See Rhodes v. Robinson*, 408 F.3d 559, 567-69, n.11 (9th Cir. 2005) (discussing the five elements of a retaliation claim); *see also Cato v. United States*, 70 F.3d 1103, 1106-07 (9th Cir. 1995) (dismissal without leave to amend is not an abuse of discretion where amendment would be futile).

The district court properly dismissed Harris's Eighth Amendment claim against Rice because Harris failed to allege that Rice "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

The district court properly dismissed Harris's Eighth Amendment claims against Freeman, Knight, and Spencer because Harris failed to allege facts showing that these defendants were deliberately indifferent to serious threats to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

11-15885

The district court properly dismissed Harris's excessive force claim against Spencer because Harris failed to allege facts showing that Spencer used force "maliciously and sadistically to cause [Harris] harm" rather than "in a good-faith effort to maintain or restore discipline" when Spencer removed Harris from the hearing room and placed him in leg restraints. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

The district court properly granted summary judgment for Thom because Harris failed to raise a genuine dispute of material fact as to whether Thom used force "maliciously and sadistically to cause [Harris] harm" rather than "in a good-faith effort to maintain or restore discipline" when Thom removed Harris from the hearing room and placed him in a choke hold until leg restraints were applied. *Id*.

The district court did not abuse its discretionin staying discovery pending resolution of Thom's qualified immunity claim. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (no abuse of discretion by staying discovery when the discovery could not have affected summary judgment).

Harris's contentions concerning defendants' allegedly inadequate responses to his discovery requests are unpersuasive.

**AFFIRMED.**